UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD LEON GLADDEN, JR.,

                Petitioner,

  v.
                                             9:18-CV-1187
                                             (DNH/CFH)
WARDEN of FCI RAYBROOK,

                Respondent.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

DONALD LEON GLADDEN, JR.
42581-037
Petitioner, pro se
Bennettsville Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 52020
Bennettsville, South Carolina 29512

HON. ANTOINETTE T. BACON                 THOMAS J. SPINA, JR., ESQ.
Acting United States Attorney for the
Northern District of New York
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

**I.**     **INTRODUCTION**

    Petitioner Donald Gladden, Jr., sought federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-2, Memorandum of Law (Pet. Mem.).[1]

---

[1] On October 2, 2018, petitioner's case was transferred to this Court from the District of New Jersey. Dkt.

Respondent opposed the petition. Dkt. No. 9, Memorandum of Law. Petitioner was given an opportunity to reply; however, the Order providing him with this opportunity was returned as undeliverable to the Court. Dkt. No. 10, Text Order; Dkt. No. 11, Returned Mail. Respondent then filed a motion requesting that the petition be dismissed for failure to prosecute and the be case closed. Dkt. No. 13.

For the reasons which follow, it is recommended that petition be converted to a motion to amend and transferred to the United States District Court for the District of Maryland. Given the transfer, it is further recommended that respondent's motion to dismiss the petition be denied as moot.

## II.   BACKGROUND

Petitioner challenges the imposition of a sentence entered in 2008 in the United States District Court for the District of Maryland upon his conviction for interference with commerce by robbery in violation of 18 U.S.C. § 1951. Pet. at 2; *United States v. Gladden*, No. 1:06-CR-0368 (D. Md) ("*Gladden I*"), Dkt. No. 29.[2] Petitioner directly appealed his criminal conviction; however, the United States Court of Appeals, Fourth Circuit denied the appeal as untimely. *Gladden I*, Dkt. No. 30, Notice of Appeal; *Gladden I*, Dkt. No. 45, Mandate.

On August 18, 2014, petitioner filed a motion to vacate his judgment of conviction pursuant to 28 U.S.C. § 2255. *Gladden I*, Dkt. No. 46. The motion was opposed. *Gladden I*, Dkt. No. 48, Memorandum of Law. Then petitioner filed a supplemental motion to vacate.

---

Nos. 5, 6; *see also Gladden v. Young et. al.,*, No. 1:18-CV-8764, Dkt. No. 5.
   [2] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

2

*Gladden I*, Dkt. No. 52.  The supplemental motion was subsequently withdrawn.  *Gladden I*, Dkt. No. 55, Notice of Withdrawal; *Gladden I*, Dkt. No. 57, Order.

Thereafter, petitioner filed a second supplemental motion on April 29, 2019.  *Gladden I*, Dkt. No. 60; *see also Gladden v. United States of America*, No. 1:14-CV-2636 (D. MD).  The supplemental petition was opposed.  *Gladden I*, Dkt. No. 73.  However, there has been no decision; therefore, the § 2255 petition remains pending in the District of Maryland.

### III.  PETITION

Petitioner "challeng[es] his designation as a career offender . . . due to a change in the law[, pursuant to the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016),] that was substantive and made retroactive on collateral review."  Pet. at 3; *see also* Pet. Mem. at 5-16.  For a more complete statement of petitioner's claims, reference is made to the petition.

Petitioner brings his petition pursuant to section 2241 under the "savings clause" of 28 U.S.C. § 2255, asserting that section 2255 is inadequate or ineffective to address the claims asserted in his petition.  Pet. at 3; Pet. Mem. at 2-16.

Respondent opposes the petition arguing that (1) petitioner cannot meet the requirements of § 2255's Savings Clause, Dkt. No. 9 at 5-7; (2) the petition should be construed as a motion to amend and transferred to the District of Maryland, *id.* at 7-8; (3) this Court lacks jurisdiction over the instant petition, *id.* at 9-10; and (4) even assuming the Court did have jurisdiction, the petition should be transferred to South Carolina, *id.* at 10-11.  After petitioner was released from incarceration, respondent also moved for dismissal due to

3

petitioner's failure to prosecute the instant action.  Dkt. No. 13.

## IV.    DISCUSSION

A federal prisoner may challenge his detention under one of two statutes: 28 U.S.C. §§ 2241 or 2255.  *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  However, each statutory section "offer[s] relief for different kinds of perceived wrongs."  *Adams*, 372 F.3d at 134.

> Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255.  We have held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the imposition of his sentence.  *See Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.1997).[3]
>
> Section 2241 by contrast is the proper means to challenge the execution of a sentence.  In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.  *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.2001).  In addition, § 2241(c)(3) also grants federal courts authority to entertain habeas petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States."  This language appears to create an overlap between § 2255 and § 2241.  But we have ruled that

---

[3] A motion pursuant to section 2255 must be brought in the sentencing court.  *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case.").  If the section 2255 motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing. *See* Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts); F ED. R. APP. P. 4(a) (governing time to take an appeal); FED. R. APP. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings.").

> federal prisoners generally must invoke § 2255 instead of § 2241
> to challenge a sentence as violating the U.S. Constitution or laws.
> *Jiminian*, 245 F.3d at 147; *Triestman v. United States*, 124 F.3d
> 361, 373 (2d Cir.1997).

*Adams*, 372 F.3d at 134-35. Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004). In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under § 2241 if he or she can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted).

Here, consistent with respondent's second argument, there is a preliminary issue which dictates the result of the case before determining whether the instant petition was properly filed pursuant to § 2255 or § 2241.[4] "The Second Circuit has made abundantly clear that where a Petitioner files a second petition for a writ of habeas corpus before his first petition has reached a final disposition, the second petition should be treated as a motion to

---

[4] It appears that the petition, claiming that petitioner is not a career offender, and, thus, should have been sentenced differently, challenges the underlying criminal conviction and imposition of his sentence. Pet. at 3; *see also* Pet. Mem. at 5-16. Accordingly, petitioner is seeking relief pursuant to § 2255. Although petitioner contends that § 2255 provides an inadequate remedy for his instant claims, such arguments seem premature as he has a § 2255 action pending and has not yet seen whether relief could be given therein. Accordingly, conversion to a motion to amend and transfer to the District of Maryland are appropriate. Given this result, the Court will not further discuss the other arguments respondent proffered.

5

amend the initial petition." *Scalercio v. Donelli*, Nos. 2:07-CV-2458 & 2:05-CV-1770, 2008 WL 4426879, at *1 (E.D.N.Y. Sept. 24, 2008) (citing *Ching v. United States*, 298 F.3d 174, 175 (2d Cir. 2002) ("We hold that a habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion."); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) ("[B]efore a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice.")).  Accordingly, consistent with Second Circuit precedent, this petition should be construed as a motion to amend the § 2255 petition pending in the District of Maryland and transferred.  *See Fisher v. Hudson*, 665 Fed. App'x 59, 61-62 (2d Cir. 2016) (converting a § 2241 petition to a § 2255 petition and transferring it back to the district court with instructions to construe the petition as a motion to amend the as-yet-unadjudicated § 2255 petition that was pending at the time § 2241 petition was filed).

## IV. CONCLUSION

**WHEREFORE**, it is

**RECOMMENDED**, that the instant petition, Dkt. No. 1, be construed as a motion to amend and transferred to the United States District Court for the District of Maryland; and it is further

**RECOMMENDED**, that respondent's motion to dismiss the petition for failure to prosecute, Dkt. No. 13, be **DENIED AS MOOT**; and it is further

**RECOMMENDED**, that, given the significant liberty interests at stake and the time-sensitivity of petitioner's claims, this Court waives the seven-day waiting period customarily afforded under the Local Rules and respectfully directs the Clerk to effectuate the transfer as

soon as possible; and it is further

**RECOMMENDED**, that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[5]

Dated: January 27, 2022
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).